NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MARISSA DILLON, et al., :<br>:<br>   Plaintiffs, :<br>:<br>           v. :<br>:<br>SKI SHAWNEE, INC., doing business as :<br>SHAWNEE MOUNTAIN SKI AREA, :<br>:<br>   Defendant. : | Civil Action No. 13-7155 (JAP)<br><br>**OPINION** |

      Before the Court is Defendant's motion to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) or 28 U.S.C. § 1406(a) for improper venue or, alternatively, to transfer this matter to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404. Plaintiffs oppose this motion. For the reasons stated below, the Court grants Defendant's motion to transfer.

**I.    Background**

      Defendant Ski Shawnee, Inc. ("Defendant" or "Ski Shawnee") is a Pennsylvania Corporation that operates a ski area at Shawnee-on-Delaware in Monroe County, Pennsylvania. This ski resort is located on the border of Pennsylvania and New Jersey; specifically, it is located less than three miles from the New Jersey border. *See* Compl. ¶ 7.

      On October 26, 2011, Plaintiffs Desiree Mora-Dillon ("Mother Plaintiff") and Marissa Dillon ("Minor Plaintiff") purchased lift tickets to Defendant's ski area through the ski area's website. *See* Compl. Ex. D. In order to make such a purchase, Plaintiffs were obligated to read

and accept an electronic release that included a choice of law provision on the ski area's website. In pertinent part, the electronic release provides:

> Acceptance of this ticket constitutes a contract. The conditions of the contract are set forth below on this ticket and will prevent or restrict your ability to sue Ski Shawnee, Inc. . . . . I agree that all disputes arising under this contract and/or from my use of the facilities at Shawnee Mountain shall be litigated exclusively in the Court of Common Pleas of Monroe County or in the United States District Court for the Middle District of Pennsylvania.

Affidavit of Dana Williams-Whitby (Williams-Whitby Aff.) ¶ 5, Ex. A. Plaintiffs accessed the ski area on January 19, 2012, after receiving the lift tickets purchased through the Ski Shawnee website on October 26, 2011. The lift tickets distributed to Plaintiffs in January 2012 contained the same language that was included in the electronic release regarding forum selection. *See* Williams-Whitby Aff. ¶ 7, Ex. B.

While skiing down a trail on January 19, 2012, Minor Plaintiff collided with a snow machine located on the slope, sustaining numerous severe injuries. Plaintiffs then brought suit in this Court on November 26, 2013. On February 25, 2014, Defendant filed this motion, arguing that the forum-selection clause mandated either dismissal of the case for improper venue under Rule 12(b)(3) and 28 U.S.C. § 1406, or to transfer the case pursuant to 28 U.S.C. 1404(a).[1] Plaintiffs oppose this motion.

---

[1] As Plaintiffs point out in their opposition, Rule 12(b)(3) and Section 1406 are the procedural vehicles for dismissing or transferring an action that has been brought in an improper forum. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). On the contrary, where an action has been brought in a forum that is "proper" within the meaning of the federal venue statues, Section 1404(a) is the proper vehicle for transferring an action to a more convenient forum. *See* 28 U.S.C. § 1404(a); *Jumara*, 55 F.3d at 878; *see also* 28 U.S.C. § 1391. The Supreme Court has recently explained that the proper way to enforce a forum-selection clause that points to a foreign forum is through § 1404(a). *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 580 (2013). Accordingly, the Court will consider the arguments presented under a § 1404(a) analysis, and deny any request to dismiss the case for improper venue. While Plaintiffs have further argued that they have been prejudiced by Defendant's brief, which they point out contains a "hodgepodge of statute," *see* Pls.' Opp. Br. at 7, the Court disagrees. While Defendant's brief is not the picture of clarity, it does state that Defendant is alternatively relying on a request to transfer under 28 U.S.C. § 1404(a), *see* Def.'s Br. at 2–3, 7–8, 10–11, and Defendant likewise filed the motion as a motion to transfer. Defendant has also clarified that point in its reply brief. *See* Def.'s Reply at 1. The Court, therefore, does not agree that Plaintiffs have been prejudiced by Defendant's emphasis on § 1406,

**II.    Discussion**

28 U.S.C. § 1404(a) "provides for the transfer of a case where the original and the requested venue are proper." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Such transfers are "discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum." *Lafferty v. St. Riel*, 495 F.3d 72, 76–77 (3d Cir. 2007).

Typically, a district court considering a § 1404(a) motion must balance certain private and public-interest considerations related to the transfer. *See Jumara*, 55 F.3d at 879. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013) (internal quotation omitted). As the Supreme Court recently explained, where parties have agreed to a forum-selection clause, enforcement of such a clause "protects their legitimate expectations and furthers vital interest of the justice system. For that reason, . . . a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* (internal quotation and citations omitted). Accordingly, when the parties agree to a valid forum-selection clause:

> a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases. Although it is conceivable in a particular case that the district court would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause, such cases will not be common.

---

particularly when it is clear from a review of the brief that Defendant is seeking to transfer the matter based upon a forum-selection clause.

*Id.* at 582 (internal quotation and citation omitted). The Court, therefore, must interpret the forum-selection clause, contained in the electronic release and the lift tickets, as an expression of Plaintiffs' agreement that the convenient and preferable forum to litigate any disputes with Ski Shawnee would be in Pennsylvania.

Plaintiffs argue that the forum-selection clause is not relevant to this dispute for two reasons. First, Plaintiffs argue that Minor Plaintiff never agreed to the forum-selection clause, because she never purchased a lift ticket. The Court finds that argument unpersuasive. A parent can bind a minor child to a forum-selection clause to which the parent agreed to enter. *See, e.g.*, *Vega–Perez v. Carnival Cruise Lines*, 361 F.Supp.2d 1 (D.P.R. 2005) (transferring personal injury action brought on behalf of a minor from District of Puerto Rico to Southern District of Florida based upon contract with forum-selection clause signed by minor's mother); *Hojnowski v. Vans State Park*, 901 A.2d 381, 391–94 (N.J. 2006) (finding that agreements to arbitrate disputes signed by a parent on behalf of a minor child are generally presumed valid as to any tort claims asserted). Next, Plaintiffs argue that the plain language of the clause suggests that it does not apply to this injury, because Minor Plaintiff was injured on a mountainside, not on the facility. This argument is meritless. A review of the Complaint shows that Minor Plaintiff was injured while using one of the ski trails at the Shawnee Mountain area. The forum-selection clause clearly applies to claims from such injuries. *See* Williams-Whitby Aff. Ex. B (explaining the risks of skiing, boarding, and snow tubing on a ski trail). Therefore, the forum-selection clause is applicable to the cause at hand, as long as it is valid.

A forum-selection clause is presumptively valid and enforceable. This presumption can be rebutted only by a clear showing "(1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in

4

the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir.1983), *overruled on other grounds by Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495 (1989). Plaintiffs argue that Defendant somehow violated public policy by seeking out the business of residents, including minors, of New Jersey fails, as does any argument that Defendant had all the bargaining power with this contract. The Supreme Court has addressed the issue of using a forum-selection clause in a ticket for a business that solicits customers from different location, and found that the clause should be enforced. *See Carnival Cruise Lines v. Shute*, 499 U.S. 585 (1991). In *Carnival Cruise Lines*, the Supreme Court found that a nonnegotiated forum-selection clause in a form ticket contract, such as exists here, was enforceable, stressing that the petitioner, a cruise line, "has a special interest in limiting fora in which it potentially could be subject to suit" because its business drew customers from many different locales, putting it at risk to litigation in several different fora. *Id.* at 592–93.

      Accordingly, the forum-selection clause on the lift ticket and electronic release must factor into this Court's consideration of whether the Middle District of Pennsylvania would present a more convenient forum. Plaintiffs have not argued or presented any evidence that the forum-selection clause is otherwise not valid because it is the result of "fraud, influence, or overweening bargaining power . . . ." *Jumara*, 55 F.3d at 880 (citing *The Bremen v. Zapata Off–Shore Co.*,407 U.S. 1, 12–13 (1972)). It is undisputed that Plaintiffs freely and voluntarily entered into an agreement to obtain access to and use of Defendant's ski facilities. When they entered into a contract to litigate all disputes in Pennsylvania, Plaintiffs knew that this forum might impose burdens on their litigation efforts, but nevertheless promised to resolve disputes in Pennsylvania. Accordingly, no weight can be given to any claims of inconvenience. *Atlantic*

*Marine Const. Co.*, 134 S. Ct. at 584.  Considering that many visitors from various locations travel to the ski resort, Defendant clearly has a special interest in limiting the fora in which it can be sued.  As dictated by *Atlantic Marine*, the Court must find that the private-interest factors weigh entirely in favor of the forum preselected by the forum-selection clause.  *See id.* at 582.

Therefore, the Court now turns to an analysis of public interest considerations.  These public interest factors are:  (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.  *Jumara*, 55 F.3d at 879–80.  Plaintiffs have failed to meet their "burden of showing that public-interest factors overwhelmingly disfavor a transfer."  *Alt. Marine Constr. Co.*, 134 S. Ct. at 583.  If anything, a review of the public-interest factors favors a transfer.

Plaintiffs have argued that going to the Middle District of Pennsylvania would unnecessarily burden them.  However, the Middle District of Pennsylvania is in close proximity to this Court, making their argument unpersuasive.  Furthermore, for reasons discussed above, Plaintiffs' claims of inconvenience in travel cannot be given weight in this analysis.  Likewise, the second public *Jumara* factor, which accounts for practical consideration, particularly weighs in favor of transfer.  Many aspects of discovery will likely be more accessible in Pennsylvania than New Jersey.  Witnesses, like medical personnel who responded to Minor Plaintiff's injury, likely live in Pennsylvania.  Likewise, if a site inspection is necessary, then the parties will need to travel to Pennsylvania.  Litigation in Pennsylvania, therefore, will likely save the parties expenses, if not time.  Moreover, the incident is not a local controversy to New Jersey, such that

a great interest in litigating in New Jersey would be presented; on the other hand, it is a lawsuit specific to a ski resort in Pennsylvania. Therefore, the fourth factor weighs in favor of transfer. Finally, it should be noted that, despite being filed here, the transferee court would apply Pennsylvania choice-of-law rules. *See Atl. Marine Constr. Co.*, 134 S. Ct. at 583–84 (explaining that the law of the court in which the suit should have been brought under a forum-selection clause applies as opposed to the law of the forum selected by the plaintiff). Therefore, to the extent that weight is given to the fifth factor, such weight favors transfer to the Middle District.

Finally, Plaintiffs have argued that Defendant's brief should be stricken because it is untimely. While Plaintiffs are correct that Defendants failed to respond within the required time, they have cited to no precedence, nor has this Court found any, which has found that a failure to timely respond means that a forum-selection clause cannot be enforced under 28 U.S.C. § 1404(a). Further, the Court struggles to see how this motion has prejudiced Plaintiffs. They did not and have not filed for default, nor have they explained why they would be unable to do so if the case was transferred to a more convenient forum. Therefore, the Court disagrees that Defendant's failure to timely answer or otherwise respond under Rule 12(b) prevents the transfer of this matter to the Middle District of Pennsylvania.

In sum, based on the forum-selection clause and the public-interest factors and considering the arguments presented by the parties regarding transfer, the Court concludes that, in its discretion, a transfer to the Middle District of Pennsylvania would be in the interest of justice and increase the convenience to the parties and their witnesses. Plaintiffs have, quite simply, failed to show that this case qualifies as being one of the "most exceptional cases" in which a forum-selection clause should not be given controlling weight. *Atl. Marine Constr.*, 134 S. Ct. at 581. Accordingly, the Court will grant the motion to transfer under § 1404(a).

**III.    Conclusion**

For the reasons described above, to the extent that Defendant has moved to dismiss for improper venue under 28 U.S.C. § 1406(a) and Rule 12(b)(3), the Court will deny this motion because enforcement of a forum-selection clause is properly brought under 28 U.S.C. § 1404(a). Under the analysis dictated by § 1404(a) and the Supreme Court's decision in *Atlantic Marine*, this Court will grant the motion to transfer this case to the Middle District of Pennsylvania. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano<br>JOEL A. PISANO, U.S.D.J.

Dated: August 11, 2014